BEEZER, Circuit Judge,
dissenting:
I am unable to join the opinion of the court. Our precedents provide a consistent standard for the review of decisions by the NLRB. Although the correct standards appear in the Court’s opinion, a different standard is applied in the evaluation of the record made by the ALJ and NLRB.
I respectfully dissent.
I
The administrative law judge found that the General Counsel failed to meet his burden under Wright Line, Inc., 251 NLRB 1083, 1980 WL 12312 (1980). Wright Line requires the General Counsel prove that anti-union animus was a substantial or motivating factor in the decision to subcontract the Respiratory Care Department. The ALJ’s finding was affirmed by the National Labor Relations Board. We review the NLRB determination for substantial evidence and accord great deference to the ALJ and NLRB’s motive and credibility determinations, as well as any inferences they drew from the evidence. See New Breed Leasing Corp. v. NLRB, 111 F.3d 1460, 1464-65 (9th Cir.1997) (“[T]he [NLRB] is particularly capable of drawing inferences from the facts of a labor dispute” and “the Board is to be accorded special deference in drawing derivative inferences from the evidence”) (internal citations omitted); Retlaw Broadcasting Co. v. NLRB, 53 F.3d 1002, 1006 (9th Cir.1995) (“Credibility determination by the ALJ are given great deference, and are upheld unless they are inherently incredible or patently unreasonable.”) (internal citations omitted); Lippincott Ind., Inc. v. NLRB, 661 F.2d 112, 116 (9th Cir.1981) (“[W]e must be mindful that the determination of motive is particularly within the purview of the NLRB.”).
II
St. Vincent presented ample evidence that the Respiratory Care Department was experiencing significant management and performance problems. Likewise, St. Vincent presented testimony and evidence that the decision to subcontract the medical services performed by the Department was based on these performance issues and unrelated to an increase in union activity. The ALJ noted that there were no *687 prior charges filed against St. Vincent, no independent violations of Section 8(a)(1) of the Act, and no evidence that St. Vincent treated employees interested in union organizing differently than other employees. Analyzing the evidence as a whole and weighing the asserted justification for subcontracting against its suspicious timing, and in light of the lack of history of anti-union activity, the ALJ found St. Vincent’s justification credible. The ALJ observed that altering management is “a time honored and frequently used solution to management problems.”
The ALJ concluded that he could not infer that St. Vincent’s “asserted reason for the subcontracting, occurring when and how it did, bespeaks falsity, and leads to the further inference that it constitutes a showing of animus.” This “derivative” inference is to be accorded “special deference,” and cannot be overturned without a finding that the ALJ’s credibility determinations were “inherently incredible or patently unreasonable.” New Breed, 111 F.3d at 1464-65. The evidence of the Respiratory Care Department’s quality problems was undisputed as was the testimony that St. Vincent had prior positive experience subcontracting other departments. This undisputed testimony constitutes sufficient evidence to support the ALJ’s decision.
The opinion of the court rests in part upon inferences of anti-union animus drawn from two anti-union statements allegedly made by members of St. Vincent’s management. These inferences are not discussed by either the ALJ or NLRB in the record before us.
There is disagreement amongst the circuits with regard to the propriety of considering lawful protected anti-union speech as evidence of anti-union animus. The opinion of the court accepts the Sixth Circuit’s reasoning in NLRB v. Vemco, 989 F.2d 1468, 1474 (6th Cir.1993) that such speech may be considered as “background in a determination of animus,” but does not comment on the conflicting cases from other circuits or reference the controlling statutory language. See 29 U.S.C. § 158(c).[1]
Contrary to the Sixth Circuit, the Seventh and Second Circuits hold that protected speech may not be used as evidence of anti-union animus. See Lebow v. American Trans Air, 86 F.3d 661, 666-67 (7th Cir.1996) (“We have stated that under the NLRA, noncoercive expressions of opinion are not to be used as evidence of an unfair labor practice.”); Holo-Krome Co. v. NLRB, 907 F.2d 1343, 1346 (2d Cir.1990) (protected speech may not be considered in evaluating a claim of anti-union animus). The use of protected speech as evidence;' background or otherwise, of unlawful activity violates the clear statutory command that noncoercive expressions of views, argument, or opinion shall not be “evidence of an unfair labor practice.” 29 U.S.C. § 158(c)..
Reasonable minds may disagree about whether the concurrent timing of the subcontracting decision and the increased union activity is sufficient evidence that anti-union animus was a substantial factor in the subcontracting decision. I do not agree that ignoring the agency’s view of the facts and evidence is an adequate basis for us to reverse the ALJ and NLRB’s decision. “A reviewing court may not displace the NLRB’s choice between two fair *688 ly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.” Retlaw Broadcasting Co., 53 F.3d at 1005.

. Section 8(c) of the Act provides that:
The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this subchapter, if such expression contains no threat of reprisal or force of promise of benefit.
29 U.S.C. § 158(c).